UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN DUQUETTE, doing business as
Berkshire County Construction, LLC,
    Plaintiff,

C.A. No. 11-30005-MAP

v.

SCOTT STERN, ET AL.,
    Defendants

MEMORANDUM AND ORDER

February 3, 2011

PONSOR, D.J.

    On January 7, 2011, defendant Scott Stern ("Stern") filed a Notice of Removal of the instant action from the Berkshire County District Court. Stern failed to pay the removal fee or to seek a waiver thereof.

    Upon review of the pleadings, it is hereby Ordered that Stern shall comply with Local Rule 81.1(a) regarding the filing of certified or attested copies of all records and proceedings, and docket entries, in the state court. Additionally, Stern shall pay the $350.00 removal fee within 21 days of this Memorandum and Order, or he shall file a Motion for Leave to Proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915.

    Further, the Court questions its removal jurisdiction in view of the fact that his co-defendant, Gail Riley, has not signed the removal indicating her assent to removal, and because the Notice of Removal appears to be untimely, as this action was originally filed in the Berkshire District Court in 2009. The Court also questions its removal jurisdiction under 28 U.S.C. § 1441 *et seq.* because it is unclear whether the original Complaint sets forth a basis for federal question jurisdiction (as opposed to any defenses or counterclaims asserted by Stern). See Caterpillar Inc.

v. Williams, 482 U.S. 386, 391 (1987) (removal jurisdiction based on federal question stems only on the basis of federal claims in original complaint and not on defenses or counterclaims).[1] Accordingly, this action shall be remanded to the Berkshire County Superior Court within 21 days of the date of this Memorandum and Order, unless Sterns demonstrate how this Court has removal jurisdiction. Failure to comply with this directive also will result in an Order remanding this action. Plaintiff Duquette ("Duquette") shall have 14 days after any filing by Stern to file a response.

Finally, Duquette is advised that, should this Court have removal jurisdiction over this action, he will not be permitted to prosecute claims as a *pro se* litigant on behalf of Berkshire County Construction, LLC, because a corporation must be represented by duly-licensed counsel authorized to appear in this Court.[2] Although 28 U.S.C.§ 1654 permits persons to proceed *pro*

---

[1] Examination of a plaintiff's complaint is the sole method used in assessing whether a case presents a "claim or right arising under the Constitution, treaties or laws of the United States" as provided in 28 U.S.C. § 1441(b). Rossello-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir. 2004); Brawn v. Coleman, 167 F. Supp. 2d 145, 148 (D. Mass. 2001). Under this "well-pleaded complaint" rule, the federal question must be presented on the face of the original plaintiff's complaint as it stands at the time the notice of removal is filed. See id..

[2] See Rowland v. California Men's Colony, 506 U.S. 194, 201-03 (1993); Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ., 209 F.3d 18 (1st Cir. 2000) (distinguishing rule that corporation must be represented by counsel by holding that corporate officer may sign notice of appeal, so long as counsel is retained promptly to prosecute the appeal); In re Las Colinas Development Corp., 585 F.2d 7 (1st Cir. 1978) cert denied Schreibman v. Walter E. Heller & Company of Puerto Rico, 440 U.S. 931 (1979); In re Victor Publishers, Inc., 545 F.2d 285, 286 (1st Cir. 1976) ("Although an individual has a statutory right to represent himself in federal court even if he is not a lawyer, a corporation may be represented only by licensed counsel."); Volumetric Imaging, Inc. v. Teledyne, Inc., 194 F.R.D. 373, 375 (D. Mass. 2000)("Corporations, despite their pervasive role in our modern society, are not human beings. Although we are prone to regard them as living entities, they are only creatures of the state subject to government regulation and control. One of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney. There is nothing unfair, illegal or unconstitutional in this requirement."). See also Jones v.

*se*, this provision does not allow unlicenced lay people to represent a private company or corporate entity. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). Additionally, this Court's Local Rules do not provide such authorization. See District of Massachusetts Local Rule 83.5.3(c), providing that "[a] person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in his own behalf." Id.

Accordingly, should this Court have jurisdiction, the claims asserted by Berkshire County Construction, LLC will be subject to dismissal unless a Notice of Appearance is filed by duly-licensed counsel on behalf of the corporation.

SO ORDERED.

*/s/ Patricia B. Power*
UNITED STATES DISTRICT JUDGE

---

Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (corporation may not proceed *pro se*).